647 F.2d 675
 11 Envtl. L. Rep. 20,376
 MOTOR VEHICLE MANUFACTURERS ASSOCIATION OF The UNITED
STATES, INC., a New York Corporation; American Motors
Corporation, a Maryland Corporation; Chrysler Corporation,
Ford Motor Company and General Motors Corporation, Delaware
Corporations; Volkswagen of America, Inc., a New Jersey
Corporation; and Ed Bailey, Inc., a Michigan Corporation,
d/b/a Ed Bailey AMC/Jeep, Plaintiffs- Appellees,
v.
Douglas M. COSTLE, Administrator, United States
Environmental Protection Agency, Defendant-Appellant.
 Nos. 80-1591, 80-1604.
 United States Court of Appeals,
Sixth Circuit.
 April 28, 1981.
 
 Michael A. McCord, David E. Dearing, Angus Macbeth, Peter R. Steenland, Jr., Land and Natural Resources Division Appellate Section, U. S. Dept. of Justice, Washington, D. C., James K. Robinson, U. S. Atty., Detroit, Mich., for defendant-appellant.
 Theodore Souris, Bodman, Longley & Dahling, Detroit, Mich., William H. Crabtree, Charles H. Lockwood, Motor Vehicle Manufacturers Assoc. of U. S., Inc., Detroit, Mich., Kenneth I. Gluckman, American Motors Corporation, Southfield, Mich., Thomas P. Donohue, Michiael W. Grice, Detroit, Mich., James M. MacNee III, Thomas L. Saybolt, Ford Motor Co., Dearborn, Mich., Otis M. Smith, William L. Weber, George F. Ball, Detroit, Mich., Gerhard P. Riechel, Volkswagen of America, Inc., Englewood Cliffs, N. J., for plaintiffs-appellees.
 Thomas Y. Au, Robert W. Adler, Asst. Attys. Gen., Commonwealth of Pa., Harrisburg, Pa., for amicus curiae.
 Before MARTIN and JONES, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Administrator of the United States Environmental Protection Agency (EPA) appeals from a judgment of the Eastern District of Michigan permanently enjoining the enforcement of the Emission Control Performance Warranty Regulation. By a previous Order we vacated the district court's injunction and transferred the case to the United States Court of Appeals for the District of Columbia. That court declined jurisdiction. This opinion explains our reasoning.
 
 I.
 
 2
 Pursuant to Section 207(b) of the Clean Air Act, 42 U.S.C. § 7541(b),[1] the EPA promulgated the Emission Control System Performance Warranty Regulation (Performance Warranty Regulation), 45 Fed.Reg. 34829 (May 22, 1980). Such regulation requires motor vehicle manufacturers to provide a warranty for defects in component parts of the emission control system in certain automobiles.
 
 
 3
 On July 19, 1980, the Motor Vehicle Manufacturers Association of America (MVMA) filed a complaint in district court alleging that the EPA failed to fulfill necessary prerequisites to the promulgation of the Performance Warranty Regulation. The MVMA sought: (1) an order of mandamus, ordering the EPA to issue parts certification and maintenance regulations for motor vehicles pursuant to Section 207(a)(2) and 207(c)(3), respectively, of the Clean Air Act, 42 U.S.C. § 7541(a)(2) and 7541(c)(3); (2) a declaratory judgment holding that the parts certification and maintenance regulations were necessary prerequisites to the promulgation of the Performance Warranty Regulation; and (3) an injunction against the enforcement of the Performance Warranty Regulation until the issuance of the parts certification and maintenance regulations.
 
 
 4
 The district court declined to issue the requested mandamus but nevertheless held that the Performance Warranty Regulation was invalid in the absence of the parts certification and maintenance regulations. The district court then enjoined the enforcement of the Performance Warranty Regulation because the parts certification and maintenance regulations had not been issued.[2]
 
 II.
 
 5
 The EPA argues that the United States Court of Appeals for the District of Columbia has exclusive jurisdiction to review the Performance Warranty Regulation. Section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1) provides inter alia:
 
 
 6
 A petition for review of the Administrator in promulgating any other nationally applicable regulations promulgated under (the Clean Air Act) may be filed only in the United States Court of Appeals for the District of Columbia.
 
 
 7
 It is beyond peradventure that the Performance Warranty Regulation is a "nationally applicable regulation" within the meaning of Section 307(b)(1). Cf., Lubrizol Corp. v. Train, 547 F.2d 310 (6th Cir. 1976) (a district court does not have jurisdiction to hear a challenge to regulations requiring the registration of motor vehicle fuels and fuel additives); see also, Lubrizol Corp. v. E.P.A., 562 F.2d 807, 813-15 (D.C.Cir.1977). In this case, the district court had to review the Performance Warranty Regulation to decide that the parts certification and maintenance regulations were necessary prerequisites to the promulgation of the Performance Warranty Regulation. Such review or any other review of the Performance Warranty Regulation is entrusted solely to the United States Court of Appeals for the District of Columbia by section 307(b)(1).[3]
 
 III.
 
 8
 As noted above, the MVMA requested a writ of mandamus ordering the EPA to promulgate the parts certification and maintenance regulations for motor vehicles pursuant to Section 207(a)(2)[4] and 207(c)(3)[5] respectively, of the Clean Air Act, 42 U.S.C. §§ 7541(a)(2) and 7541(c)(3). Section 207(a) (2) requires the issuance of parts certification regulations by August 7, 1979. Though the district court declined to issue the requested mandamus, its jurisdiction to grant relief for the EPA's alleged failure to issue the parts certification and maintenance instruction regulations cannot be seriously disputed. Section 304 of the Clean Air Act, 42 U.S.C. § 7604 authorizes any person to commence a civil action:
 
 
 9
 Against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under (the Clean Air Act) which is not discretionary with the Administrator District Courts shall have jurisdiction to order the Administrator to perform such act or duty. (Emphasis added).
 
 
 10
 Contrary to the MVMA's argument, Section 304 of the Clean Air Act does not support the district court's injunctive and declaratory relief. By its very terms, Section 304 vests the district court with jurisdiction to order the EPA to perform non-discretionary duties. Actions for declaratory relief or to enjoin the enforcement of the Performance Warranty Regulation must be brought in the United States Court of Appeals for the District of Columbia.[6] Although the district court was without jurisdiction to enjoin the enforcement of the Performance Warranty Regulation, it did have jurisdiction to pass on the mandamus. 42 U.S.C. § 7604. We remand this case to the district court to determine the appropriate relief under 42 U.S.C. § 7604.
 
 
 11
 Accordingly, the judgment of the district court enjoining the enforcement of the Performance Warranty Regulation and granting the MVMA declaratory relief is VACATED, and the case is REMANDED to the district court for proceedings consistent with this opinion.
 
 
 
 [1]
 42 U.S.C. § 7541(b) provides, in relevant part:
 Testing methods and procedures
 (b) If the Administrator determines that (i) there are available testing methods and procedures to ascertain whether, when in actual use throughout its useful life each vehicle and engine to which regulations under section 7521 of this title apply complies with the emission standards of such regulations,
 (ii) such methods and procedures are in accordance with good engineering practices, and (iii) such methods and procedures are reasonably capable of being correlated with tests conducted under section 7525(a)(1) of this title, then
 (1) he shall establish such methods and procedures by regulation, and
 (2) at such time as he determines that inspection facilities or equipment are available for purposes of carrying out testing methods and procedures established under paragraph (1), he shall prescribe regulations which shall require manufacturers to warrant the emission control device or system of each new motor vehicle or new motor vehicle engine to which a regulation under section 7521 of this title applies and which is manufactured in a model year beginning after the Administrator first prescribes (Emphasis added).
 
 
 [2]
 Enforcement of the Performance Warranty Regulation was enjoined until the model year after the issuance of the parts certification and maintenance regulation
 
 
 [3]
 The district court held that it had jurisdiction under the Mandamus Act, 28 U.S.C. § 1361; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Administrative Procedure Act, 5 U.S.C. § 704 et seq., and federal question jurisdiction pursuant to 28 U.S.C. § 1331; and the citizen suit provision of Section 304 of the Clean Air Act, 42 U.S.C. § 7604. The district court did not address the applicability of Section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1). Neither the Mandamus Act, the Declaratory Judgment Act, nor a district court's federal question jurisdiction authorizes review of the Performance Warranty Regulation in the district court in light of the exclusive grant of jurisdiction to the United States Court of Appeals for the District of Columbia by Section 307(b)(1) of the Clean Air Act
 
 
 [4]
 42 U.S.C. § 7541(a)(2) provides:
 (1) In the case of motor vehicle part or motor vehicle engine the manufacturer or rebuilder of such part may certify that use of such part will not result in a failure of the vehicle or engine to comply with emission standards promulgated under section 7521 of this title. Such certification shall be made only under such regulations as may be promulgated by the Administrator to carry out the purposes of subsection (b) of this section. The Administrator shall promulgate such regulations no later than two years following August 7, 1977. 42 U.S.C. § 7541(a)(2).
 
 
 [5]
 42 U.S.C. § 7541(c)(3) provides:
 The manufacturer shall furnish with each new motor vehicle or motor vehicle engine written instructions for the proper maintenance and use of the vehicle or engine by the ultimate purchaser and such instructions shall correspond to regulations which in boldface type on the first page of the written maintenance instructions notice that maintenance, replacement, or repair of the emission control devices and systems may be performed by any automotive repair establishment or individual using any automotive part which has been certified as provided in subsection (a)(2) of this section.
 
 
 [6]
 Nothing in the order of the United States Court of Appeals for the District of Columbia declining jurisdiction conflicts with our view that it has exclusive jurisdiction to review the Performance Warranty Regulation